## No. 10,267.

### THOMAS, ADMINISTRATOR *v*. JOHNSON.

Decided March 6, 1922.

Action for allowance of claim against an estate. Judgment for claimant.

### *Affirmed.*

### *On Application for Supersedeas.*

1. EVIDENCE—*Written Instrument—Delivery.* A deceased person left a writing acknowledging the receipt of a sum of money for safe keeping; held, that on the hearing of a claim against the estate for this fund, the instrument, although never delivered, was competent evidence.

2. *Withdrawal of Testimony—Harmless Error.* It is erroneous to allow a party, against the objection of his adversary, to withdraw evidence when he finds it unfavorable; but such error is harmless where no prejudice results to the complaining party.

*Error to the District Court of the City and County of Denver, Hon. George H. Bradfield, Judge.*

Mr. J. I. HOLLINGSWORTH, for plaintiff in error.

Messrs. GOUDY & GOUDY, Mr. FRANK L. ROSS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE case is here on error to the Denver district court upon a judgment in favor of defendant in error allowing his claim against the estate of Christine Nelson, of which Thomas was administrator.

Johnson and the decedent lived together as man and wife. The claimant was offered as a witness in his own behalf. The administrator objected that he was incompetent, under § 7217, R. S. 1908, but the objection was overruled. Upon cross examination he testified that after her death he found, among her effects on the chiffonier in the house, Exhibit C, which was as follows:

"Denver, Colorado, February 25, 1916.

I have for safe keping belonging to M. L. Johnson Five hundred $500.00 May Nelson in case anything happens to me you give that to Mr. Johnson.

Christina Nelson."

That he gave this paper and the rest of her effects to Mr. Thomas, the administrator, who afterwards returned it to him.

When the claimant rested the administrator moved for a directed verdict, claiming that the claimant's own testimony proved there was no delivery of the above instrument. Regardless of the question of delivery, the motion was properly overruled. The ultimate question for the jury was not whether the writing was delivered, though they might consider that question, but whether the decedent held Johnson's money. There was other evidence of the genuineness of her signature, and the paper, even if never delivered, was competent evidence tending to show that she held the money. There could, therefore, be no directed verdict for the estate.

Before the said motion was overruled, the administrator

withdrew his objection to the competency of the claimant; thereupon the court, against objection, permitted the latter to withdraw the testimony he had given in his own behalf and the court instructed the jury accordingly. This is the principal error relied on for reversal. We think it erroneous to allow a party, against the objection of his adversary, to withdraw even incompetent evidence when he finds it unfavorable to himself, but in this case there was no prejudice. The administrator might himself have called the witness and proved the facts he relied on to show there was no delivery; indeed the court suggested it, but he did not do so. He did, however, prove those facts by another witness and they were uncontradicted. This cured the error. *B. & M. R. R. Co. v. Burch,* 17 Colo. App. 491, 498-9, 69 Pac. 6.

Supersedeas denied and judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.